CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 22 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NOAH JASON HARRIS, | ) | CASE NO. 7:13CV00520 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | |
| Et. al., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Noah Jason Harris, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials have failed to provide him with free mental health treatment, in violation of his constitutional rights. Upon review of the record, the court finds that Harris' complaint must be summarily dismissed as legally frivolous.

Harris alleges that he has been diagnosed and treated in the past for several mental health disorders, including bipolar disorder and post traumatic stress disorder. He claims that while incarcerated the New River Valley Regional Jail ("the jail"), he has not received adequate treatment for his mental health conditions and has suffered unspecified complications. Harris asserts that the jail should provide him with free mental health treatment, but instead, jail officials have repeatedly "tried to get" Harris to see a doctor who would charge him for treatment. Harris has complained to the Virginia Department of Corrections ("VDOC") about the lack of mental health treatment at the jail, with no response from the VDOC.

Harris sues the jail and the VDOC, seeking as relief $250,000 in damages for pain and suffering. He also seeks injunctive relief ordering jail officials to provide proper mental health treatment to inmates in the future or face closure of the jail.[1]

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Harris' complaint fails to name any proper defendants. He cannot pursue a § 1983 claim against the jail or the VDOC, as neither of these entities is not a "person" subject to suit under § 1983. See Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (finding that Commonwealth and its agencies are not persons under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Harris' claims against these defendants

---

[1] Harris is advised that he simply has no standing to vindicate the rights of all future prisoners at the jail, as he is attempting to do. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others"); Hummer v. Dalton, 657 F.2d 621, 625 626 (4th Cir.1981) (holding that pro se prisoner may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).

must be summarily dismissed under § 1915A(b)(1) as legally frivolous.[2] An appropriate order will issue this day.

For the reasons stated, the court dismisses Harris's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. His many pending motions in this action will be dismissed as moot.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of November, 2013.

                                       /s/ James C. Turk
                                       Senior United States District Judge

---

[2] In any event, Harris' complaint fails to allege facts stating any actionable § 1983 claim against anyone. From his sparse description of events, it is clear that jail officials have repeatedly offered to provide Harris with access to mental health treatment, which he has resisted. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that only deliberate indifference to inmate's serious medical needs violates the Eighth Amendment, and medical negligence is insufficient to implicate constitutional rights). Moreover, while the state must not deny an inmate access to necessary medical care, the allocation of the cost for that treatment is a matter of state law and is not actionable under § 1983. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

3